IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS, INDIANA

| | | |
|---|---|---|
| THE CINCINNATI INSURANCE COMPANY, | ) | Cause No. 1:20-cv-1473 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| INDIANA PUBLIC EMPLOYERS PLAN, INC., | ) | |
| STEVENSON-JENSEN AGENCY, INC., | ) | |
| PATRICIA A. JENSEN, Personal Representative | ) | |
| of the Estate of RICHARD G. JENSEN, deceased, | ) | |
| and CARSON GEORGE JENSEN, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT FOR DECLARATORY JUDGMENT

NOW COMES Plaintiff, The Cincinnati Insurance Company, by and through its counsel of record, Kayla Goodfellow, and hereby states its Complaint for Declaratory Judgment against Defendants Indiana Public Employers Plan, Inc., Stevenson-Jensen Agency, Inc., the Estate of Richard Jensen c/o Personal Representative Patricia Ann Jensen, and Carson George Jensen, as follows:

## THE PARTIES

1. The Cincinnati Insurance Company ("Cincinnati") is a corporation organized under the laws of the State of Ohio, with its principal place of business located at 6200 S. Gilmore Road, Fairfield, Ohio 45014, and is authorized to engage in the business of selling insurance in the State of Indiana.

2. Defendant Indiana Public Employers Plan, Inc. ("IPEP") is an Indiana non-profit corporation, organized under the laws of the State of Indiana, with its principal place of business located at 302 S. Reed Road, P.O. Box 1247, Kokomo, IN 46903.

1

3. Defendant Stevenson-Jenson Agency, Inc. ("Agency") was an Indiana corporation with its principal place of business located at 148 S. Washington Street, Danville, Hendricks County, Indiana. Upon information and belief, the Agency was administratively dissolved, effective March 5, 2020.

4. Defendant Estate of Richard G. Jensen c/o Personal Representative Patricia Ann Jensen ("Estate") is an estate for Richard Jensen, former citizen of the State of Indiana. The Estate was opened in Hendricks County, Indiana.

5. Defendant Carson George Jensen ("Carson") is a citizen of the State of Indiana.

## JURISDICTION AND VENUE

6. Subject matter jurisdiction is proper under 28 U.S.C. § 1332(a)(1) since this is an action between citizens of different states and the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

7. Venue lies with this Court pursuant to 28 U.S.C. § 1391(a).

8. This is an action for declaratory judgment brought pursuant to Indiana's Uniform Declaratory Judgment Act, 28 USCA § 2201 and Rule 57 of the Federal Rules of Civil Procedure, wherein Cincinnati seeks a declaration of its rights and legal obligations arising from a contract of insurance entered between Cincinnati and the Agency and Richard G. Jensen ("Richard").

9. The insurance contract at issue was executed in Danville, Indiana.

## INSURANCE CONTRACT

10. Cincinnati issued a commercial insurance policy, (Policy No. CPP 087 19 62), to its named insureds Agency and Richard with an effective policy period from July 12, 2016

to July 12, 2019. The policy was cancelled on July 12, 2018. The policy includes the Commercial General Liability Coverage Form ("CGL") and Commercial Umbrella Liability Coverage Form ("Umbrella") (hereinafter, collectively, "CGL and Umbrella Policy").

11. Additionally, the commercial insurance policy issued to its named insureds Agency and Richard includes the Insurance Agents Errors and Omissions Insurance Coverage Form ("E/O Policy") for the same policy period and has the same cancellation date of July 12, 2018.

12. A true, accurate and certified copy of the commercial insurance policy is attached hereto as Exhibit "A" and incorporated in its entirety herein.

## UNDERLYING FACTS

13. On July 2, 2019, Plaintiff IPEP filed a suit entitled *"Indiana Public Employers, Plan, Inc., v. Stevenson-Jensen Agency, Inc., Estate of Richard G. Jensen c/o Personal Representative Patricia Ann Jensen, and Carson George Jensen"* in Hendricks County, Indiana, Superior Court, Cause No. 32D02-1907-PL-000078 (hereinafter, the "IPEP Suit.").

14. A true and accurate copy of IPEP's Complaint is attached hereto as Exhibit "B" and incorporated in its entirety herein.

15. In the IPEP Suit, IPEP asserts claims for breach of contract, negligence, breach of fiduciary duty and unjust enrichment against Defendants Agency, Estate and Carson for their alleged failure to transfer renewal insurance premiums, (less the Agency's sales commission), received from a customer/client for a workers' compensation policy sold, to IPEP, as required by a sales contract between IPEP and the Agency.

16. IPEP's Suit claims allege that IPEP is a non-profit workers' compensation

insurance provider to Indiana public sector employers that provides workers' compensation insurance to their Indiana public sector employees.

17. IPEP's Suit claims allege that the Agency is an insurance brokerage firm that sold insurance throughout Hendricks County, Indiana. The Agency allegedly acted as an insurance broker for the Town of Danville, Indiana ("Danville") and sold Danville an IPEP Workers' Compensation Policy with a renewal policy period from July 7, 2018 to July 7, 2019.

18. IPEP's Suit claims allege that the Agency, including its principals and managers Richard and Carson, received Danville's renewal insurance premiums check payments totaling the sum amount of $91,258.00 for the IPEP Workers' Compensation Policy sold.

19. IPEP's Suit claims allege that the Agency, including its principals and managers Richard and Carson, failed to remit Danville's insurance premiums received for the IPEP Workers' Compensation Policy, (less the Agency's sales commission), to IPEP, as required by the IPEP Invoice and the sales contract existing between IPEP and the Agency. The Agency allegedly used the premiums received from Danville for other unauthorized purposes.

20. IPEP's Suit claims allege that the Agency's failure to remit the insurance premiums received from Danville, (less the sales commission), caused IPEP to incur an economic loss of $83,288.52, plus attorneys' fees, prejudgment interest and costs of collection.

21. In IPEP's Suit, IPEP's claim for unjust enrichment alleges that the Agency, its principals and managers Richard and Carson were unjustly enriched to the financial

detriment of IPEP, by their refusal to remit the insurance premiums payments received from Danville for the IPEP Workers' Compensation Policy sold. As a result, IPEP alleges it is entitled to restitution from the Agency, the Estate and Carson.

22. In or around August 2019, the Agency, the Estate, and Carson requested that Cincinnati provide defense and indemnity coverage under the Cincinnati commercial insurance policy for IPEP's Suit claims.

23. Following a reasonable investigation of IPEP's claims and allegations, Cincinnati determined that the CGL and Umbrella Policy and E/O Policy provide no defense or indemnity coverage to the Agency, Estate and Carson for IPEP's Suit claims. A declination of coverage letter, dated October 21, 2019, was sent to counsel for the Agency, Estate and Carson.

24. On April 3, 2020, an Agreed Judgment and Partial Dismissal ("Agreed Judgment") was entered in the IPEP Suit. Defendants Estate and Carson were dismissed from the IPEP Suit without prejudice. The Agreed Judgment was entered in favor of IPEP and against the Agency.

25. A true and accurate copy of the Agreed Judgment and Partial Dismissal is attached hereto as Exhibit "C" and incorporated in its entirety herein.

26. The Agreed Judgment specifies that the Agency breached its duty to faithfully transfer Danville's renewal insurance premiums payment to IPEP, was negligent and breached the parties' sales contract, because the Agency failed to transfer $83,288.52 of Danville's insurance premium payment the Agency had received for the IPEP Workers' Compensation Policy sold, to pay the IPEP invoice.

27. The Agreed Judgment specifies that IPEP has suffered damages as the

proximate result of the Agency's contractual breach; and that the Agency is and remains indebted to IPEP in the principal amount of $83,288.52.

28. The Agreed Judgment awards IPEP damages in the principal amount of $83,288.52, plus prejudgment interest, attorneys' fees and litigation and collection expenses and post-judgment interest.

## EXISTENCE OF A CONTROVERSY

29. Since the entry of the Agreed Judgment in the IPEP Suit, IPEP asserts that Cincinnati has an obligation under the commercial insurance policy issued to named insureds Agency and Richard to make payment to IPEP for the Agreed Judgment. Upon information and belief, the Agency also asserts that Cincinnati has an obligation under the commercial insurance policy to make payment to IPEP for the Agreed Judgment.

30. For one or more of the following reasons, Cincinnati has no obligation to make payment to IPEP for the Agreed Judgment under the CGL and Umbrella Policy:

**a.** IPEP's damages which comprise the Agreed Judgment were caused by the Agency's breach of its duty to IPEP, negligence and breach of the parties' sales contract, because the Agency failed to transfer $83, 288.52 of Danville's renewal insurance premiums payment received for the Workers' Compensation Policy sold, to pay the IPEP invoice.

**b.** The CGL and Umbrella provide coverage for three types of damages—"bodily injury," "property damage" and "personal and advertising injury." IPEP's damages which comprise the Agreed Judgment do not qualify as "bodily injury," "property damage" or "personal and advertising injury" under the CGL and Umbrella Policy.

**c.** Coverage A insuring agreements of the CGL and Umbrella require that "bodily injury" or "property damage" be caused by an "occurrence." IPEP's claims that comprise

the Agreed Judgment do not involve the Agency's liability for "bodily injury" or "property damage" caused by an "occurrence."  IPEP's claims that comprise the Agreed Judgment are not covered under the CGL and Umbrella Policy because they do not satisfy the CGL and Umbrella Coverage A insuring agreement requirements.

    **d.** The CGL and Umbrella include the Expected or Intended Injury exclusion, which applies to preclude coverage for the Agreed Judgment under the CGL and Umbrella Policy.

    **e.** The CGL and Umbrella include the Contractual Liability exclusion, which may apply to preclude coverage for the Agreed Judgment under the CGL and Umbrella Policy.

    **f.** Coverage B insuring agreement of the CGL requires that "personal and advertising injury" be caused by an offense arising out of the Agency's business and the "personal and advertising injury" offense be committed during the policy period. Coverage B insuring agreement of the Umbrella requires that "personal and advertising injury" be caused by an "occurrence" and the "personal and advertising injury" results from an "occurrence" that takes place during the policy period. IPEP's claims that comprise the Agreed Judgment do not involve the Agency's liability for "personal and advertising injury" caused by an enumerated offense. Therefore, IPEP's claims that comprise the Agreed Judgment are not covered under the CGL and Umbrella Policy, because they do not satisfy the Coverage B CGL and Umbrella insuring agreement requirements.

    **g.** The CGL Exclusion- Insurance and Related Operations endorsement and Umbrella Insurance and Related Operations Exclusion endorsement (collectively, "Insurance and Related Operations Exclusion"), precludes coverage for "bodily injury," "property damage" or "personal and advertising injury" because of **a.** any obligation assumed by any insured; or **b.**

the failure to discharge, or the improper discharge of, any obligation or duty, contractual or otherwise: with respect to any contract or treaty of insurance, reinsurance, suretyship, annuity, endowment or employee benefit plan, including applications, receipts or binders. The CGL and Umbrella Insurance and Related Operations exclusion precludes coverage for the Agreed Judgment under the CGL and Umbrella Policy.

31. For one or more of the following reasons, Cincinnati has no obligation to make payment to IPEP for the Agreed Judgment under the E/O Policy.

    **a.** The E/O Policy insuring agreement, provides that Cincinnati will pay those sums, in excess of the $10,000 deductible, that the insured becomes legally obligated to pay as "damages" due to injury caused by a "wrongful act." A "wrongful act" is a negligent act, error or omission by an insured, or someone for whom the insured is legal liable, in rendering or failing to render "professional services." "Damages" do not include personal profit or advantage to which the insured was not legally entitled; amounts held in escrow or otherwise on behalf of clients or third parties; and any form of equitable or non-monetary relief.

    **b.** IPEP's damages which comprise the Agreed Judgment were caused by Agency's breach of its duty to IPEP, negligence and breach of the parties' sales contract, because the Agency failed to transfer $83, 288.52 of Danville's renewal insurance premiums received for the Workers' Compensation Policy sold, to pay the IPEP invoice. IPEP's claims that comprise the Agreed Judgment are not covered under the E/O Policy, because they do not involve the Agency's liability for "damages" due to an injury caused by a "wrongful act," as required by the insuring agreement.

    **c.** The Money Received exclusion precludes coverage for any liability for money received by any insured or credited to any insured for fees, premiums, taxes,

commissions, loss payments, or escrow or brokerage monies. IPEP's damages that comprise the Agreed Judgment were caused by the Agency's failure to transfer $83,288.52 of Danville's renewal insurance premiums received for the Workers' Compensation Policy sold, as required by the IPEP Invoice and the sales contract between IPEP and the Agency. The Money Received exclusion precludes coverage for the Agreed Judgment under the E/O Policy.

      **d.** The Expected or Intended Injury precludes coverage for liability for injury or damage which may reasonably be expected to result from the intentional or criminal acts of an insured or which is in fact expected or intended by the insured, even if the injury or damage is of a different degree or type than actually expected or intended. IPEP's damages that comprise the Agreed Judgment were caused by the Agency's failure to transfer $83,288.52 of Danville's renewal insurance premiums received for the Workers' Compensation Policy sold, as required by the IPEP Invoice and the sales contract between IPEP and the Agency. The Expected or Intended Injury exclusion precludes coverage for the Agreed Judgment under the E/O Policy.

      **e.** The Contractual Liability exclusion precludes coverage for any obligation or liability of others assumed by an insured under any contract or agreement, either oral or written, except to the extent the insured would have been liable in the absence of the contract or agreement. The Contractual Liability exclusion may preclude coverage for the Agreed Judgment under the E/O Policy.

      **f.** The Dishonest, Fraudulent, Criminal or Malicious Acts exclusion precludes coverage for any dishonest, fraudulent, criminal or malicious act or omission of any insured or anyone for whom the insured is legally liable. The Dishonest, Fraudulent, Criminal or

Malicious Acts exclusion may preclude coverage for the Agreed Judgment under the E/O Policy.

32. Additionally and/or alternatively, Cincinnati has no obligation to make payment to IPEP for the Agreed Judgment under the CGL and Umbrella Policy and/or E/O Policy because said judgment contains statements of fact and/or law which were not necessarily adjudicated and therefore unenforceable against Cincinnati.

33. Additionally and/or alternatively, Section III – Limits of Insurance, 4. Deductible, provides Cincinnati's obligation to pay "damages" resulting from claims or "suits" arising out of a "wrongful act" or "interrelated wrongful acts" applies only to the amount of "damages" in excess of the $10,000 deductible.

34. Additionally and/or alternatively, Section – I Coverage, 3. d. Supplementary Payments, of the E/O Policy payments do not include attorneys' fees or attorneys' expenses taxed against the insured.

WHEREFORE, Cincinnati respectfully requests this Court to issue a Declaratory Judgment stating as follows:

**A.** Cincinnati has no obligation under the CGL and Umbrella Policy or the E/O Policy to make payment to IPEP or any other person/entity for or because of IPEP's damages incurred because the Agency failed to remit Danville's insurances premiums received for the IPEP Workers' Compensation Policy sold, (less the Agency's sales commission), to IPEP, as required by the IPEP Invoice and the sales contract existing between IPEP and the Agency.

**B.** Cincinnati has no obligation under the CGL and Umbrella Policy or the E/O Policy to make payment to IPEP or any other person/entity for or because of the Agreed Judgment.

Cincinnati respectfully request an award of its attorneys' fees, costs, and such other and

further relief that this Court deems just and appropriate.

            Respectfully submitted,


            */s/Kayla J. Goodfellow*
            Kayla J. Goodfellow (#27849-49)
            *Attorney for Plaintiff*
            Law Offices The Cincinnati Insurance Company
            101 W. Washington Street, Suite 1100 E
            Indianapolis, IN  46204
            317- 632-7146 office
            317-632-7156 fax
            kayla_goodfellow@staffdefense.com